IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MYLAN, INC., MYLAN PHARMACEUTICALS INC., MYLAN TECHNOLOGIES, INC., AND MYLAN SPECIALTY LP,<br><br>Plaintiffs,<br><br>v.<br><br>KIRKLAND & ELLIS LLP,<br><br>Defendant. | CASE NO.<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441** |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Kirkland & Ellis LLP ("Kirkland") hereby removes this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 from the Court of Common Pleas of Washington County Pennsylvania to the United States District Court for the Western District of Pennsylvania, and in support thereof, respectfully states as follows:

1. On May 1, 2015, Plaintiffs Mylan Inc., Mylan Pharmaceuticals Inc., Mylan Technologies, Inc., and Mylan Specialty LP (collectively, the "Mylan Indirect Subsidiaries") commenced a Complaint in Equity (the "Complaint") against Kirkland in the Court of Common Pleas of Washington County, Pennsylvania, Civil Division, entitled *MYLAN, INC., MYLAN PHARMACEUTICALS INC., MYLAN TECHNOLOGIES, INC., AND MYLAN SPECIALTY LP v. KIRKLAND & ELLIS LLP*, Case No. 2015-2377. A true and correct copy of the Complaint is attached hereto as Exhibit A.

2.      The Mylan Indirect Subsidiaries allege a cause of action for declaratory judgment, and seek the following relief: (1) a declaration that Kirkland has breached its fiduciary duties to them; (2) a declaration that Kirkland has breached its professional duties to them by allegedly violating Pennsylvania Rule of Professional Conduct 1.7; (3) a declaration that Kirkland has breached its professional duties to them by allegedly violating Pennsylvania Rule of Professional Conduct 1.9; (4) an injunction enjoining Kirkland from representing, advising, or otherwise acting on behalf of Teva Pharmaceutical Industries Ltd. ("Teva"), including, but not limited to, in connection with Teva's effort to acquire Mylan N.V. in connection with the proposed transaction set forth in Teva's letter to Mylan dated April 21, 2015; (5) an injunction prohibiting Kirkland from using, relying on, or disclosing any information it learned from its representation of the Mylan Indirect Subsidiaries in representation of any other Kirkland clients; (6) an injunction requiring Kirkland to maintain the confidentiality of all non-public information it has learned as a result of its representation of Mylan; and (7) an injunction requiring Kirkland to retrieve all work product provided to Teva by Kirkland in connection with Teva's efforts to acquire Mylan, N.V. and maintain the confidentiality of all such work product.

3.      On May 1, 2015, the Mylan Indirect Subsidiaries filed a Motion for Preliminary Injunction (the "PI Motion"). A true and correct copy of the PI Motion is attached hereto as Exhibit B.

4.      On May 1, 2015, the Mylan Indirect Subsidiaries filed a Memorandum of Law in Support of Plaintiffs' Motion for Preliminary Injunction (the "Legal Memorandum"). A true and correct copy of the Legal Memorandum is attached hereto as Exhibit C.

5. On May 1, 2015, the Mylan Indirect Subsidiaries filed a Court of Common Pleas Civil Cover Sheet (the "Cover Sheet"). A true and correct copy of the Cover Sheet is attached hereto as Exhibit D.

6. On May 1, 2015, the Mylan Indirect Subsidiaries served the Complaint on Kirkland.

7. This action is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because: (1) Kirkland has satisfied the procedural requirements for removal, and (2) this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## KIRKLAND HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

8. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because it is filed within 30 days after the Mylan Indirect Subsidiaries served Kirkland on May 1, 2015. *See, e.g., Murphy Bros. v. Michetti Pipe Stringing,* 526 U.S. 344, 347-48 (1999); *Sikirica v. Nationwide Ins. Co.,* 416 F.3d 214, 223 (3d Cir. 2005).

9. This Court is the proper venue for this action because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

10. No previous application has been made for the relief requested herein.

11. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for the Mylan Indirect Subsidiaries, and a copy will be filed with the Court of Common Pleas of Washington County, Pennsylvania.

## THIS COURT HAS SUBJECT MATTER JURISDICTION
## PURSUANT TO 28 U.S.C. §§ 1332 AND 1441

12. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because this is a civil action between citizens of Pennsylvania, West Virginia, Vermont, and Delaware, on the one hand, and citizens of different states and citizens or subjects of foreign countries, on the other hand, and the amount in controversy exceeds $75,000, exclusive of costs and interest.

### There Is Complete Diversity of Citizenship

13. There is complete diversity of citizenship between the Mylan Indirect Subsidiaries, citizens of Pennsylvania, West Virginia, Vermont, and Delaware, and Kirkland, which, for diversity jurisdiction purposes, is a citizen or subject of several states and countries, but *not* Pennsylvania, West Virginia, Vermont, or Delaware.

14. Mylan Inc. is a Pennsylvania corporation with its corporate headquarters, and therefore its principal place of business for purposes of jurisdiction under *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), in Canonsburg, Pennsylvania (Compl. ¶ 6);

15. Mylan Pharmaceuticals Inc. is a West Virginia corporation with its corporate headquarters, and therefore its principal place of business for purposes of diversity jurisdiction under *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), in Morgantown, West Virginia (*id.* at ¶ 7);

16. Mylan Technologies, Inc. is a West Virginia corporation with its corporate headquarters, and therefore its principal place of business for purposes of diversity jurisdiction under *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), in St. Albans, Vermont (*id.* at ¶ 8);

17. Mylan Specialty LP is a Delaware corporation with its corporate headquarters, and therefore its principal place of business for purposes of diversity jurisdiction under *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), in Morgantown, West Virginia (*id.* at ¶ 9);

18. Kirkland is a limited liability partnership organized under the laws of Illinois. Because a partnership is not considered a "citizen" of any state for diversity jurisdiction purposes, Kirkland's citizenship for diversity jurisdiction purposes is determined by considering the citizenship of each of its equity partners. *See Grupo Dataflux v. Atlas Global Group, LP*, 541 U.S. 567, 569 (2004).

19. All equity partners of Kirkland are citizens of states of the United States or of foreign nations, and no equity partner of Kirkland is a citizen of Pennsylvania, West Virginia, Vermont, or Delaware. Therefore, Kirkland is not a citizen of Pennsylvania, West Virginia, Vermont, or Delaware.

20. Accordingly, there is complete diversity between the Mylan Indirect Subsidiaries and Kirkland.

## The Amount in Controversy Exceeds $75,000

21. The amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1446(c).

22. In the Complaint, the Mylan Indirect Subsidiaries seek declaratory and injunctive relief against Kirkland. When a party seeks injunctive or declaratory relief, the amount in controversy is determined by the value of the object of the litigation. *See Columbia Gas Transmission Corp. v. Tarbuck*, 62 F.3d 538 (3d Cir. 1995). *See also Carey v. Pa. Enters., Inc.*, 876 F.2d 333, 337 n.12 (3d Cir. 1989) (holding, in an action challenging a stock split, that the object of the litigation was plaintiff's holdings); *Schering Corp. v. Sun Ray Drug Co.*, 320 F.2d 72, 75-76 (3d Cir. 1963) (holding, in an action to enjoin the sale of a trademarked drug below its fair market price, that the object of the litigation was plaintiff's good will, which was appropriately measured by the drug's gross sales and annual advertising expenditures). Here, the

objects of the litigation, as alleged in the Complaint, are preventing Kirkland from representing and/or advising Teva in connection with the proposed acquisition because the Mylan Indirect Subsidiaries contend that Kirkland's representation and/or advice may materially affect Teva's offer to Mylan, N.V., and protecting purportedly confidential information regarding Mylan's products, including Mylan's EpiPen® Auto-Injector (EpiPen®). That the value of such relief clearly exceeds $75,000 is plain on the face of the Complaint, given the alleged $40 billion purchase offer for Mylan N.V., and is further supported by the following:

23. First, the issue of the value of ensuring that Kirkland does not bring its "considerable skill" (Compl. ¶ 3) and alleged "insight into Mylan's business" (PI Motion ¶ 43) to bear in connection with Teva's proposed acquisition of Mylan, N.V. clearly exceeds $75,000. For example, on April 21, 2015, Teva offered to acquire Mylan, N.V. for $82.00 per share. On April 27, 2015, Mylan, N.V. rejected Teva's offer, stating that it will "not "consider engaging in discussions . . . unless the starting point of the discussions is significantly in excess of $100 per share." Given the number of outstanding shares of common stock (approximately 378 million), the difference between the parties is in the billions. If, as the Mylan Indirect Subsidiaries allege, Kirkland's "extensive insight into Mylan's business . . . is just the sort of confidential information that Teva would like to know in its ongoing bid for Mylan" (PI Motion ¶ 43), the value of securing Kirkland's non-involvement would exceed $75,000. Further, the adverse effect on Kirkland if the relief in the Complaint is granted, merely in terms of lost attorneys' fees, would exceed $75,000. *See Geo Specialty Chems., Inc. v. Husisian*, 951 F. Supp. 2d 32, 40-41 (D.D.C. 2013) (holding, in a suit to enjoin a law firm from representing a competitor, that the amount in controversy requirement was satisfied where the defendant law firm alleged that it would lose in excess of $75,000 if the injunction were granted).

24. Second, the issue of the value of preventing the disclosure of purportedly confidential information relating to Mylan's products, including EpiPen®, exceeds $75,000. *See id.* at 41 (holding that the amount in controversy requirement was met where the plaintiff alleged that the defendant law firm was exposed to allegedly confidential information and that its representation of competitors could result in the disclosure of that information). Mylan alleges that EpiPen® is its most valuable product. In 2014, Mylan spent most of its $52 million marketing and sales budget on EpiPen®, and that same year, EpiPen® became the first Mylan product to reach $1 billion in net annual sales.

25. Finally, in their PI Motion, the Mylan Indirect Subsidiaries allege that Kirkland's alleged actions will cause a "severe market disadvantage" if the relief they seek is not granted. (Ex. 2, ¶ 44.) For a company the size of Mylan, N.V., the value of preventing a "severe market disadvantage" in a total market that allegedly resulted in total revenues of greater than $7 billion, exceeds $75,000. Specifically, in 2014, Mylan, N.V. reported total revenues of $7.72 billion, total assets of $15.88 billion, and goodwill in the amount of $4.04 billion.

26. Accordingly, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, and the case may be removed pursuant to 28 U.S.C. § 1441.

27. WHEREFORE, Kirkland hereby removes this action from the Court of Common Pleas of Washington County to this Court pursuant to 28 U.S.C. § 1441.

DATED: May 4, 2015

K&L GATES LLP

By: *[signature]*
Richard W. Hosking, PA 32982
Melissa J. Tea, PA 80195
K&L GATES LLP

K&L Gates Center
210 Sixth Avenue
Pittsburgh, Pennsylvania 15222-2613
Telephone: (412) 355-6500
Facsimile: (412) 355-6501
richard.hosking@klgates.com
melissa.tea@klgates.com

GIBSON, DUNN & CRUTCHER LLP

Kevin S. Rosen, (*pro hac pending*)
Daniel S. Floyd, (*pro hac pending*)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California 90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520
krosen@gibsondunn.com

Counsel for Defendant,
KIRKLAND & ELLIS LLP

8