# Exhibit A

Case 2:15-cv-00581-LPL   Document 1-1   Filed 05/04/15   Page 1 of 15

IN THE COURT OF COMMON PLEAS OF WASHINGTON COUNTY, PA
CIVIL DIVISION

| | |
|---|---|
| MYLAN INC., MYLAN PHARMACEUTICALS INC., MYLAN TECHNOLOGIES, INC. and MYLAN SPECIALTY LP,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>KIRKLAND & ELLIS LLP,<br><br>　　　　　Defendant. | No.: 2015-2377<br><br>**Jury Trial Demanded**<br><br>TYPE OF PLEADING:<br><br>***COMPLAINT IN EQUITY***<br><br>*FILED ON BEHALF OF:*<br><br>Mylan Inc., Mylan Pharmaceuticals Inc., Mylan Technologies, Inc. and Mylan Specialty LP<br><br>*COUNSEL OF RECORD FOR THIS PARTY:*<br><br>ROGER J. ECKER, ESQ.<br>　PA. ID. NO. 05446<br>PEACOCK KELLER & ECKER, LLP<br>70 East Beau Street<br>Washington, PA 15301<br>Tel.: 724-222-4520<br>Fax: 724-222-3318<br>REcker@PeacockKeller.com<br><br>WILLIAM PIETRAGALLO, II, ESQ.<br>　PA. ID. NO. 16413<br>JOHN A. SCHWAB, ESQ.<br>　PA. ID. NO. 89596<br>PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP<br>One Oxford Centre, 38th Floor<br>Pittsburgh, PA 15219<br>Tel.: 412-263-2000<br>Fax: 412-263-2001<br>WP@Pietragallo.com<br>JAS@Pietragallo.com<br><br>MICHAEL S. SOMMER, ESQ.<br>　N.Y. ID. NO. 2182939<br>WILSON SONSINI GOODRICH & ROSATI, P.C.<br>1301 Avenue of the Americas, 40th Floor<br>New York, NY 10019<br>Tel.: 212-999-5800<br>Fax: 212-999-5899<br>msommer@wsgr.com |

IN THE COURT OF COMMON PLEAS OF WASHINGTON COUNTY, PA
CIVIL DIVISION

MYLAN INC., MYLAN PHARMACEUTICALS INC., MYLAN TECHNOLOGIES, INC. and MYLAN SPECIALTY LP,

    Plaintiffs,

v.

KIRKLAND & ELLIS LLP,

    Defendant.

No.: 2015-2377

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.**

**IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.**

Lawyer Referral Service
119 South College Street
Washington, Pennsylvania 15301
Telephone No.: 724-225-6710

Southwestern Pennsylvania Legal Aid Society
10 West Cherry Avenue
Washington, Pennsylvania 15301
Telephone No.: 724-225-6170

IN THE COURT OF COMMON PLEAS OF WASHINGTON COUNTY, PA
CIVIL DIVISION

| | |
|---|---|
| MYLAN INC., MYLAN PHARMACEUTICALS INC., MYLAN TECHNOLOGIES, INC. and MYLAN SPECIALTY LP,<br><br>Plaintiffs,<br><br>v.<br><br>KIRKLAND & ELLIS LLP,<br><br>Defendant. | No.: 2015-2377<br><br>COMPLAINT IN EQUITY |

Plaintiffs Mylan Inc., Mylan Pharmaceuticals Inc., Mylan Technologies, Inc., and Mylan Specialty LP, (collectively, "Mylan" or "Plaintiffs"), by and through their undersigned attorneys, hereby allege as follows:

## NATURE OF THE ACTION

1. Mylan brings this declaratory judgment action for a declaration that its counsel, Kirkland & Ellis LLP ("K&E" or "Defendant"), has breached its fiduciary, professional, ethical and other duties to Mylan, and that as a result, K&E must be enjoined from further representing a client it has recently taken on, which client is directly adverse to Plaintiffs.

2. Beginning in or around January 2013, K&E sought and obtained legal work from Mylan in a significant number of matters of substantial importance to Mylan, including ongoing matters. In connection with those representations, K&E, as Mylan's trusted legal advisor, requested and was provided with wide-ranging access to Mylan's business, including aspects related to its commercial, legal and regulatory strategies and its portfolio of current and unlaunched products.

3. Despite holding itself out as Mylan's trusted legal advisor and in derogation of its legal, professional and ethical obligations to Mylan, Mylan has recently learned that K&E recently agreed to bring its considerable skill to bear on a matter in which K&E is advising a client whose interests are directly adverse to those of Mylan, and in which the very information entrusted to K&E about Mylan's various strategies and products will certainly be implicated. Specifically, K&E is now representing Teva Pharmaceutical Industries Ltd. ("Teva"), one of Mylan's primary competitors, in an effort by Teva to acquire Mylan's parent company, Mylan N.V., including its assets and subsidiaries. Indeed, K&E has come to be an intricate part of Teva's efforts to acquire Mylan as was made clear in a recent headline that declared "BREAKING: Kirkland Reps Teva In $82 Per Share Offer For Mylan."

4. K&E's representation of Teva presents a clear conflict of interest. The interests of Teva in its bid to take over Mylan are unequivocally adverse to the interests of Mylan, whose parent company is the direct target of that acquisition. Moreover, K&E is plainly in possession of confidential Mylan information, acquired during K&E's confidential representations of Mylan – certain of which are ongoing matters – and it may use that information (even if inadvertently) in helping Teva formulate and pursue its attempted takeover of Mylan N.V. and its subsidiaries, including Plaintiffs.

5. Despite the obvious conflict of interest and potential for irreparable harm to Mylan, K&E did not seek, and has not been granted Mylan's consent to represent Teva in connection with the takeover effort. Thus, Plaintiffs seek a declaration that K&E has breached its fiduciary, professional and ethical duties to Mylan, and an injunction barring K&E from representing Teva in connection with its attempted acquisition of Mylan N.V. and its subsidiaries.

## PARTIES

6. Plaintiff Mylan Inc., a wholly owned indirect subsidiary of Mylan N.V., is a leading global pharmaceutical company, whose affiliates and subsidiaries develop, license, manufacture, market and distribute generic, branded generic and specialty pharmaceuticals. Mylan Inc. is a Pennsylvania corporation with headquarters in Canonsburg, Pennsylvania.

7. Plaintiff Mylan Pharmaceuticals Inc. is a wholly owned subsidiary of Mylan Inc. that researches, develops, manufactures, markets and distributes generic pharmaceutical products. Mylan Pharmaceuticals Inc. is a West Virginia corporation headquartered in Morgantown, West Virginia.

8. Plaintiff Mylan Technologies, Inc. is a wholly owned subsidiary of Mylan Inc. that designs, develops and manufactures transdermal drug delivery systems and associated materials and technologies. Mylan Technologies, Inc. is a West Virginia corporation headquartered in St. Albans, Vermont.

9. Plaintiff Mylan Specialty LP is a wholly owned subsidiary of Mylan Inc. that develops, manufactures and markets specialty pharmaceutical products. Mylan Specialty LP is a Delaware corporation headquartered in Morgantown, West Virginia.

10. Defendant K&E is a limited liability partnership law firm headquartered in Chicago, Illinois, with offices in various other locations.

## JURISDICTION AND VENUE

11. This Court has personal jurisdiction over Defendant K&E because Defendant provided continuous and substantial legal advice and services to Plaintiffs in Pennsylvania, which advice and services give rise to the present cause of action.

12. Venue is proper because Plaintiff Mylan Inc. maintains its headquarters in Washington County, Pennsylvania, and received legal advice and services from Defendant in said County, thereby giving rise to the present cause of action.

## BACKGROUND

### A. Mylan's Relationship with K&E

13. In or around January 2013, Mylan engaged K&E to act as its outside counsel. The parties entered into a written retention agreement (the "Agreement") for rendering professional services for then-current and future matters.

14. Pursuant to the parties' retention, K&E has served as outside counsel to Mylan on a number of matters since early 2013. For example, K&E has represented Mylan in connection with various generic products, and currently represents Mylan in litigation concerning the generic version of the drug Benicar®. K&E recently represented Mylan in connection with advising Mylan on its commercial relationships with its customers, which representation implicated Mylan's highly proprietary strategies for pricing a vast array of its products.

15. In addition, and of enormous concern to Mylan, K&E over the past two years has represented Mylan in connection with various issues relating to Mylan's EpiPen® auto-injector product ("EpiPen®"), which has been the most prescribed epinephrine auto-injector in the United States for the last twenty-five years, and for which nationally nine out of every ten prescriptions are written. In the course of K&E's work on this important matter, K&E assured Mylan in no uncertain terms that its past representation of Teva, who was seeking approval for an AB-rated version of the EpiPen®, would not create a conflict of interest for K&E to represent Mylan in relation to the EpiPen®. According to K&E, although it had represented Teva with respect to other molecules and drug products in the past, it was a "free agent" in

-4-

relation to activities involving EpiPen®. In fact, K&E's assurances to Mylan included the statement that since K&E had earlier provided Mylan with legal advice relating to the EpiPen®, K&E would be unable to represent Teva in matters in which the EpiPen® was implicated.

16. In reliance on K&E's assurances of undivided loyalty with respect to the EpiPen®, in November and December 2014, Mylan provided K&E with an array of highly confidential information relating to the EpiPen® product. These materials included, among other things, legal and strategic analyses prepared by Mylan, as well as other confidential and non-public materials belonging to Mylan regarding its EpiPen® Auto-Injector. K&E also participated in conference calls with Mylan relating to these materials and other issues relating directly to EpiPen®. In short, K&E was provided with unfettered access to Mylan's business, legal and regulatory strategies relating to the EpiPen®.

17. In early December 2014, and in the midst of its representation of Mylan with respect to EpiPen® and other matters, K&E called Mylan and explained that it had discovered what it characterized as a conflict of interest in connection with its continued representation of Mylan relating to EpiPen®. Though Mylan requested specifics about the nature of the conflict and the identity of the party to whom K&E believed it owed a superseding duty of loyalty prior to Mylan, K&E flatly refused to provide any details.

**B.    K&E's Representation of Teva**

18. On April 21, 2015, Mylan N.V. received an unsolicited letter from Teva's President and Chief Executive Officer, Erez Vigodman, proposing a transaction to acquire Mylan N.V. and its subsidiaries, including Plaintiffs.

19. Mylan N.V. is a public limited liability company organized in the Netherlands. On February 27, 2015, Mylan Inc. was reorganized as an indirect wholly owned subsidiary of Mylan N.V., which is the successor to Mylan Inc. for financial reporting purposes.

20. Teva's April 21 letter to Mylan N.V. identified K&E as legal counsel for Teva in connection with the proposed transaction. This was the first time Mylan became aware of K&E's representation of Teva.

21. K&E had not previously informed Mylan that it was representing Teva in the proposed acquisition or any other then-pending matter and had not sought a waiver from Mylan permitting it to engage in such a representation.

22. K&E, in representing Teva, seeks to play a lead counsel role in assisting Teva in acquiring Mylan, including the very drugs about which K&E has and continues to provide legal advice to Mylan, including EpiPen®. In addition, K&E has been entrusted with unique knowledge of Mylan's commercial relationships and strategies, information that a competitor such as Teva would surely relish, but should not have in connection with a takeover effort and certainly, such information should not be supplied to Teva by the law firm that represented Mylan in connection with those matters. Finally, K&E has been provided with highly confidential information regarding the products Mylan has not yet launched – and which require FDA approval. Such insight into Mylan is again the very type of information Teva would like to know, but K&E must be prohibited from sharing.

23. On April 27, 2015, the Board of Directors of Mylan N.V. unanimously rejected Teva's unsolicited expression of interest, concluding that the Teva expression of interest grossly undervalued Mylan and contained nothing meaningful to indicate why a combination

with Teva would be in the best interest of Mylan's employees, patients, customers, communities and other stakeholders.

C.   **Injury to Mylan**

24.   In representing Teva in connection with a proposed acquisition of Mylan N.V. and thus Plaintiffs themselves, all while both continuing to simultaneously represent Mylan, and while in possession of Mylan's confidential information which was entrusted to K&E in its role as Mylan's legal advisor, K&E has breached its fiduciary, professional, ethical, and other obligations to Mylan.

25.   K&E's representation of Teva is adverse to Mylan's interests, as Teva seeks to acquire Mylan N.V., and thus Plaintiffs and all of their assets, including any and all litigations to which Mylan is currently a party.

26.   At the time that K&E began representing Teva, K&E was in possession of highly confidential information concerning the operations of Mylan's business. K&E had acquired this information in its role as Mylan's legal counsel and fiduciary.

27.   Unless K&E is enjoined from continuing to represent Teva, such representation will result in irreparable injury to Mylan.

**CAUSE OF ACTION**
**(Declaratory Judgment that K&E Has Breached Its Duties to Mylan and Injunction)**

28.   Plaintiffs incorporate by reference as if fully set forth herein each and every allegation of Paragraphs 1-27 above.

29.   K&E, as Mylan's legal counsel, owes Mylan fiduciary, professional, ethical and other duties that require K&E to avoid undertaking other representations that would create a conflict of interest or impair K&E's ability to exercise professional judgment on behalf of Mylan.

30. Rule 1.7 of Pennsylvania's Rules of Professional Conduct provides in pertinent part that a lawyer shall not represent a client if "the representation of one client will be directly adverse to another client," unless each client gives informed consent. Rule 1.9 similarly provides, in pertinent part, that a lawyer who has formerly represented a client in a matter "shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client[.]"

31. K&E has breached these duties, as well as its fiduciary and ethical duties to Mylan by agreeing to represent Teva in connection with a potential takeover of Mylan's parent company, Mylan N.V. which would result in the acquisition of Plaintiffs.

32. By providing legal representation to Teva in its attempted acquisition of Mylan N.V. and it subsidiaries, including Plaintiffs, while Mylan is a current and former client of K&E, and while K&E is in possession of confidential information that was entrusted to it in its capacity as legal advisor to Mylan, K&E has engaged in the representation of two clients with conflicting interests. Mylan has not agreed to waive this conflict of interest.

33. There exists a genuine and material dispute between the parties as to their respective rights pursuant to K&E's fiduciary, professional, ethical and other duties to Mylan, thereby giving rise to controversy and uncertainty amongst the parties.

34. Declaratory relief will effectively adjudicate the rights and obligations of the parties pursuant to K&E's fiduciary, professional, ethical and other duties to Mylan.

35. This Court has the authority, pursuant to 42 Pa. C.S. § 7531, *et seq.*, "to declare rights, status, and other legal relations" between the parties.

36. This Court also has the authority, pursuant to 42 Pa. C.S. § 7531, *et seq.*, to grant further relief as may be necessary.

37.   Unless K&E is preliminarily and permanently enjoined from continuing its representation of Teva, K&E's actions will result in immediate and irreparable harm to Plaintiffs for which Plaintiffs cannot be adequately compensated by damages.

38.   K&E will not suffer any injury if it is enjoined from representing Teva in connection with Teva's takeover bid, because K&E will merely be required to comply with its existing ethical and fiduciary obligations under the Code of Professional Responsibility and the common law.

39.   Enjoining K&E from further representation of Teva will properly restore the parties to their status as it immediately existed prior to K&E's breaches.

40.   Plaintiffs have a clear right to relief and are likely to succeed on the merits of their claim.

41.   The injunction is reasonably suited to abate K&E's offending conduct.

42.   The injunction will not adversely affect the public interest.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for a declaration that K&E:

(i)   has breached its fiduciary duties to Mylan;

(ii)  has breached its professional duties to Mylan by violating Rule 1.7 of Pennsylvania's Rules of Professional Conduct;

(iii) has breached its professional duties to Mylan by violating Rule 1.9 of Pennsylvania's Rules of Professional Conduct;

(iv)  is enjoined from representing, advising or otherwise acting on behalf or in support of Teva in connection with Teva's efforts to acquire Mylan N.V. and its subsidiaries, including, but not limited to, in connection with the proposed transaction as set forth in Teva's letter to Mylan dated April 21, 2015;

(v)   is prohibited from using, relying on or disclosing any information it learned from its representation of Plaintiffs in any representation of any other K&E client;

(vi) is required to maintain the confidentiality of all non-public information it has learned as a result of its representation of Mylan;

(v) is required to retrieve all work product provided by K&E to Teva in connection with its efforts to acquire Mylan N.V. and its subsidiaries and maintain the confidentiality of said work product.

**Jury Trial Demanded**

Dated: May 1, 2015

Respectfully submitted,

*/s/ Roger J. Ecker*

ROGER J. ECKER, ESQ.
PA. ID. NO. 05446
PEACOCK KELLER & ECKER, LLP
70 East Beau Street
Washington, PA 15301
Tel.: 724-222-4520
Fax: 724-222-3318
REcker@PeacockKeller.com

WILLIAM PIETRAGALLO, II, ESQ.
PA. ID. NO. 16413
JOHN A. SCHWAB, ESQ.
PA. ID. NO. 89596
PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP
One Oxford Centre, 38th Floor
Pittsburgh, PA 15219
Tel.: 412-263-2000
Fax: 412-263-2001
WP@Pietragallo.com
JAS@Pietragallo.com

MICHAEL S. SOMMER, ESQ.
N.Y. ID. NO. 2182939
WILSON SONSINI GOODRICH & ROSATI, P.C.
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
Tel.: 212-999-5800
Fax: 212-999-5899
msommer@wsgr.com

## VERIFICATION

I, Douglas Miner, designated representative of Plaintiffs Mylan Inc., Mylan Pharmaceuticals Inc., Mylan Technologies, Inc., and Mylan Specialty LP, do hereby verify that I have read the foregoing Complaint, and state that the averments of fact contained therein are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

Date: 5/1/15

_____
Douglas Miner

CERTIFICATE OF SERVICE

I, Roger J. Ecker, Esquire, do hereby certify that a true and correct copy of the foregoing Praecipe for Appearance Pro Hac Vice is being served upon the following Defendant by personal service, U.S. Certified Mail, Saturday delivery, this 1 day of May, 2015.

        Kirkland and Ellis LLP
        300 North LaSalle
        Chicago, IL 60654

Respectfully Submitted,

**PEACOCK KELLER & ECKER, LLP**

By: _____
      Roger J. Ecker, Esquire