# IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MYLAN INC., MYLAN PHARMACEUTICALS INC., MYLAN TECHNOLOGIES INC. and MYLAN SPECIALTY LP, <br><br> Plaintiffs, <br><br> v. <br><br> KIRKLAND & ELLIS LLP, <br><br> Defendant. | Civil Action No. 2:15-cv-00581-JFC-LPL |

**KIRKLAND & ELLIS LLP'S ANSWER TO COMPLAINT IN EQUITY
BY MYLAN INC., MYLAN PHARMACEUTICALS INC.,
MYLAN TECHNOLOGIES INC., AND MYLAN SPECIALTY LP**

Defendant Kirkland & Ellis LLP ("Kirkland") hereby submits this Answer to the

Complaint in Equity (the "Complaint") filed by Plaintiffs, and admits, denies, and alleges as

follows.  As to each correspondingly numbered paragraph of Plaintiffs' Complaint, Kirkland

states:

1.      The allegations contained in Paragraph 1 of the Complaint state legal conclusions

to which no responsive pleading is required.  Insofar as a responsive pleading is required,

Kirkland denies that it has breached its fiduciary, professional, ethical or any other duty, if any,

to any of the Plaintiffs.  Kirkland further denies that Plaintiffs are entitled to injunctive relief,

denies that Kirkland has taken on the representation of a client adverse to Plaintiffs, and denies

that Plaintiffs have stated a claim for relief.  Kirkland therefore denies all of the allegations, direct or implicit, in this paragraph.

2.      Kirkland admits that Mylan Inc., Mylan Pharmaceuticals Inc. and Mylan Technologies Inc. (the "Specified Mylan Entities") signed a written retention letter agreement in or around January 2013, and that Kirkland has provided certain legal services to the Specified Mylan Entities in connection with certain discrete litigation matters since early 2013.  Kirkland denies that it ever had an attorney-client relationship with Mylan Specialty Inc.  Kirkland lacks information and knowledge sufficient to form a belief at this time as to the truth of the allegation that these matters were of "substantial importance" to Plaintiffs, and on that basis denies it. Kirkland further denies that it was "provided with wide-ranging access to [Plaintiffs'] business." Kirkland otherwise denies the allegations, direct or implicit, in this paragraph.

3.      Kirkland admits it represents Teva Pharmaceutical Industries Ltd. ("Teva") in connection with Teva's proposed acquisition of Mylan N.V.  The remaining allegations contained in Paragraph 3 are denied.  Kirkland denies that Teva's interests are adverse to Plaintiffs' interests and denies that any information purportedly acquired during its representation of the Specified Mylan Entities is "implicated" in Teva's proposed acquisition of Mylan N.V.  Kirkland otherwise denies the allegations, direct or implicit, in this paragraph.

4.      The allegations contained in Paragraph 4 of the Complaint are denied except that Kirkland admits that it received limited information that may have been confidential at the time of receipt, related to the specific matters for which it represented the Specified Mylan Entities. Kirkland has not disclosed or misused any of that information and has taken proper and timely steps regarding the information, including creating and enforcing ethical walls.  Much of the information that Kirkland received no longer is confidential or never was confidential.  Kirkland

denies that any information, confidential or otherwise, which it received in connection with its representation of the Specified Mylan Entities has been, could be, or was used "in helping Teva formulate and pursue" an acquisition of Mylan N.V.  Kirkland denies that its representation of Teva presents a conflict of interest, denies that Teva's interests are adverse to Plaintiffs' interests, and denies that there is any risk that Kirkland may or will use allegedly confidential information in connection with its representation of Teva.  Kirkland otherwise denies the allegations, direct or implicit, in this paragraph.

5.      The allegations contained in Paragraph 5 of the Complaint state legal conclusions to which no responsive pleading is required.  Insofar as a responsive pleading is required, Kirkland denies the allegations.  Kirkland denies that there is or was any conflict of interest, denies that there is or was any potential for irreparable harm, denies that Plaintiffs have not consented to Kirkland's representation of Teva, denies that Kirkland has breached any fiduciary, professional, and/or ethical duties to Plaintiffs, and denies that Plaintiffs are entitled to injunctive relief.  Kirkland otherwise denies the allegations, direct or implicit, in this paragraph.

## PARTIES

6.      Kirkland admits, on the basis of information and belief, that Plaintiff Mylan Inc. is an indirect subsidiary of Mylan N.V., a pharmaceutical company and a Pennsylvania corporation with headquarters in Canonsburg, Pennsylvania.  Kirkland otherwise denies the allegations, direct or implicit, in this paragraph.

7.      Kirkland admits, on the basis of information and belief, that Plaintiff Mylan Pharmaceuticals Inc. is a subsidiary of Mylan Inc. and a West Virginia corporation headquartered in Morgantown, West Virginia.  Kirkland otherwise denies the allegations, direct or implicit, in this paragraph.

8.      Kirkland admits, on the basis of information and belief, that Plaintiff Mylan

Technologies Inc. is a subsidiary of Mylan Inc. and a West Virginia corporation headquartered in

St. Albans, Vermont.  Kirkland otherwise denies the allegations, direct or implicit, in this

paragraph.

9.      Kirkland admits, on the basis of information and belief, that Plaintiff Mylan

Specialty LP is a subsidiary of Mylan Inc. and a Delaware corporation headquartered in

Morgantown, West Virginia.  Kirkland otherwise denies the allegations, direct or implicit, in this

paragraph.

10.     Kirkland admits that it is a limited liability partnership law firm, that some of its

management is based in Chicago, Illinois, and that it has offices in other locations.  Kirkland

otherwise denies the allegations, direct or implicit, in this paragraph.

## JURISDICTION AND VENUE

11.     Kirkland does not dispute personal jurisdiction.

12.     Kirkland does not dispute venue.

## BACKGROUND

13.     Kirkland admits that the Specified Mylan Entities and Kirkland signed a written

retention agreement dated in or around January 2013 containing an enforceable conflict waiver

("Retention Agreement") and agrees that the Retention Agreement covered specifically

identified matters, as well as future matters.  Kirkland otherwise denies the allegations, direct or

implicit, in this paragraph.

14.     Kirkland admits that it has provided legal services to the Specified Mylan Entities

in connection with certain discrete matters since early 2013 pursuant to the Retention

Agreement, including litigation pending in the Northern District of Illinois relating to the generic

version of the drug Benicar®.  It is unclear what "generic products" Plaintiffs are referencing in the second sentence of Paragraph 14, and Kirkland therefore denies that allegation.  It is unclear what "commercial relationships with its customers" and "highly proprietary strategies for pricing" Plaintiffs are referencing in the third sentence of Paragraph 14, and Kirkland denies those allegations.  Kirkland otherwise denies the allegations, direct or implicit, in this paragraph.

15.     Kirkland admits that starting in March 2013 and ending in September 2013 it provided legal advice relating to potential claims involving a product that competes with EpiPen®.  Kirkland denies that its limited work on this discrete matter lasted two years, denies that it "assured [Plaintiffs] in no uncertain terms that its past representation of Teva . . . would not create a conflict of interest" as described by Plaintiffs, denies that it said it was a "free agent" in relation to EpiPen®, and denies that it stated that it would be unable to represent Teva in matters in which the EpiPen® was "implicated."  Kirkland lacks information and knowledge sufficient to form a belief at this time as to the truth of the allegations that its limited work on this discrete matter was "important" or of "enormous concern" to Plaintiffs, and on that basis denies them.  Kirkland lacks information and knowledge sufficient to form a belief at this time as to the truth of the allegations that EpiPen® has been the most prescribed epinephrine auto-injector in the United States for the last 25 years or for which nine out of every ten prescriptions are written, and on that basis denies them.  Kirkland otherwise denies the allegations, direct or implicit, in this paragraph.

16.     It is unclear what "highly confidential information relating to the EpiPen® product" Plaintiffs are referencing in the first sentence of Paragraph 16, and Kirkland denies the allegation.  It is unclear what "legal and strategic analyses prepared by [Plaintiffs]" and what "other confidential and non-public materials" Plaintiffs are referencing in the second sentence of

Paragraph 16, and Kirkland denies those allegations.  It is unclear what "conference

calls  . . . relating to these materials and other issues relating directly to EpiPen®" Plaintiffs are

referencing in the third sentence of Paragraph 16, and Kirkland denies the allegation.  Kirkland

denies that it was "provided with unfettered access to [Plaintiffs'] business, legal and regulatory

strategies relating to the EpiPen®."  Kirkland otherwise denies the allegations, direct or implicit,

in this paragraph.

17.     Kirkland denies that it was "in the midst of its representation of [Plaintiffs] with

respect to EpiPen®" in December 2014.  Kirkland admits that it informed Mylan Inc.'s in-house

counsel in December 2014 that it had discovered a potential conflict of interest involving a

private equity client that precluded it from taking on a proposed new matter involving EpiPen®.

Kirkland denies that it "refused" to explain "the nature of the conflict" or that it believed it

"owed a superseding duty of loyalty prior to [Plaintiffs]," but admits that while it declined to

divulge the specific identity of its other client due to confidentiality obligations, it accurately

described it as a private equity firm.  Kirkland otherwise denies the allegations, direct or implicit,

in this paragraph.

18.     Kirkland admits that Teva's President and Chief Executive Officer, Erez

Vigodman, sent a letter to the Executive Chairman of Mylan N.V.'s Board of Directors on

April 21, 2015 and proposed that Teva negotiate to acquire Mylan N.V.  Kirkland otherwise

denies the allegations, direct or implicit, in this paragraph.

19.     Kirkland avers, on information and belief, that Mylan N.V. is a limited liability

company organized in the Netherlands.  Kirkland further avers, on information and belief, that

Mylan Inc. was acquired on or about February 27, 2015 by Mylan N.V. simultaneously with

Mylan N.V.'s completion of an acquisition of a substantial business from Abbott Laboratories,

by means of a merger of Mylan Inc. with an indirect subsidiary of Mylan N.V.  The result of this

acquisition activity by Mylan N.V. was that Mylan Inc. became an indirect subsidiary of Mylan

N.V.  Kirkland admits that Mylan N.V. issues periodic SEC reports. Kirkland admits that Mylan

N.V. was created as part of a "tax inversion" and is a separate corporation from Mylan Inc. and

Mylan Inc.'s subsidiaries for purposes of U.S. law.  Kirkland avers, on information and belief,

that Mylan N.V. obtained limited technical "no-action" relief from the Staff of the Division of

Corporate Finance of the SEC to allow the inversion transaction to be treated as a "succession"

solely for purposes of Rules 12g-3(a) and 12b-2 under the Securities Exchange Act of 1934—

Rules that address the technical SEC filing status of Mylan N.V.  Kirkland otherwise denies the

allegations, direct or implicit, in this paragraph.

20.     Kirkland admits that Teva's President and Chief Executive Officer, Erez

Vigodman, sent a letter to the Executive Chairman of Mylan N.V.'s Board of Directors on

April 21, 2015.  Kirkland denies that "[t]his was the first time [Plaintiffs] became aware of

[Kirkland's] representation of Teva."  Kirkland otherwise denies the allegations, direct or

implicit, in this paragraph.

21.     On information and belief, Kirkland denies the allegations, direct or implicit,

contained in Paragraph 21 of the Complaint.

22.     Kirkland denies that it continues to provide legal advice to the Specified Mylan

Entities regarding EpiPen®.  It further denies that Mylan Specialty Inc. is or ever has been a

client of Kirkland.  Kirkland avers that it has destroyed all information it received regarding

EpiPen® pursuant to the request of Mylan Inc.  Kirkland denies that it has been "entrusted with

unique knowledge of [Plaintiffs'] commercial relationships and strategies."  It is unclear what

"highly confidential information" or "unlaunched" "products" Plaintiffs are referencing in the

7

third sentence of Paragraph 22, and Kirkland denies this allegation. Kirkland otherwise denies the allegations, direct or implicit, in this paragraph.

23.    Kirkland admits that Mylan N.V.'s Board of Directors sent a letter to Teva's President and Chief Executive Officer, Erez Vigodman, on April 27, 2015 rejecting Teva's proposal. Kirkland otherwise denies the allegations, direct or implicit, in this paragraph.

24.    The allegations contained in Paragraph 24 of the Complaint state legal conclusions to which no responsive pleading is required. Insofar as a responsive pleading is required as to any of these allegations, Kirkland denies that it has breached any fiduciary, professional, ethical and other obligations to Plaintiffs, and denies that it is in possession of confidential information that is material to Teva's proposed acquisition of Mylan N.V. Kirkland otherwise denies the allegations, direct or implicit, in this paragraph.

25.    The allegations contained in Paragraph 25 of the Complaint state legal conclusions to which no responsive pleading is required. Insofar as a responsive pleading is required as to any of these allegations, Kirkland denies that Kirkland's representation of Teva is adverse to Plaintiffs' interests as contemplated by the applicable ethical rules and standards. Kirkland otherwise denies the allegations, direct or implicit, in this paragraph.

26.    The allegations contained in Paragraph 26 of the Complaint state legal conclusions to which no responsive pleading is required. Insofar as a responsive pleading is required as to any of these allegations, Kirkland denies that it is in possession of highly confidential information concerning the operations of Plaintiffs' business that is material to Teva's proposed acquisition of Mylan N.V. Kirkland otherwise denies the allegations, direct or implicit, in this paragraph.

27.     Kirkland denies the allegations, direct or implicit, contained in Paragraph 27 of the Complaint.

## CAUSE OF ACTION

## (Declaratory Judgment that K&E Has Breached Its Duties to Mylan and Injunction)

28.     Kirkland incorporates by reference its responses to Paragraphs 1-27 above.

29.     The allegations contained in Paragraph 29 of the Complaint state legal conclusions to which no responsive pleading is required.  Insofar as a responsive pleading is required as to any of these allegations, Kirkland admits that when it represented Mylan Inc., Mylan Pharmaceuticals Inc. and Mylan Technologies Inc. in discrete litigation matters it owed certain fiduciary duties to them consistent with the Retention Agreement.  Kirkland otherwise denies the allegations, direct or implicit, in this paragraph.

30.     Kirkland acknowledges Rules 1.7 and 1.9 of Pennsylvania's Rules of Professional Conduct and that Plaintiffs' purported partial quotes of them are incomplete.  Kirkland otherwise denies the allegations, direct or implicit, in this paragraph.

31.     Kirkland denies the allegations, direct or implicit, contained in Paragraph 31 of the Complaint.

32.     The allegations contained in Paragraph 32 of the Complaint state legal conclusions to which no responsive pleading is required.  Insofar as a responsive pleading is required as to any of these allegations, Kirkland denies them.  Kirkland otherwise denies the allegations, direct or implicit, in this paragraph.

33.     The allegations contained in Paragraph 33 of the Complaint state legal conclusions to which no responsive pleading is required.  Insofar as a responsive pleading is

required as to any of these allegations, Kirkland denies the allegations as framed and thus denies the allegations, direct or implicit, in this paragraph.

34.     The allegations contained in Paragraph 34 of the Complaint state legal conclusions regarding Pennsylvania state law.  Insofar as a responsive pleading is required as to any of these allegations, Kirkland denies the allegations as framed and thus denies the allegations, direct or implicit, in this paragraph.

35.     The allegations contained in Paragraph 35 of the Complaint state legal conclusions regarding Pennsylvania law.  Insofar as a responsive pleading is required as to any of these allegations, Kirkland denies them.  Kirkland otherwise denies the allegations, direct or implicit, in this paragraph.

36.     The allegations contained in Paragraph 36 of the Complaint state legal conclusions to which no responsive pleading is required.  Insofar as a responsive pleading is required as to any of these allegations, Kirkland denies them.  Kirkland otherwise denies the allegations, direct or implicit, in this paragraph.

37.     Kirkland denies the allegations, direct or implicit, contained in Paragraph 37 of the Complaint.

38.     Kirkland denies the allegations, direct or implicit, contained in Paragraph 38 of the Complaint.

39.     Kirkland denies the allegations, direct or implicit, contained in Paragraph 39 of the Complaint.

40.     Kirkland denies the allegations, direct or implicit, contained in Paragraph 40 of the Complaint.

41.     Kirkland denies the allegations, direct or implicit, contained in Paragraph 41 of the Complaint.

42.     Kirkland denies the allegations, direct or implicit, contained in Paragraph 42 of the Complaint.

**AFFIRMATIVE DEFENSES**

43.     By alleging the Affirmative Defenses set forth below, Kirkland intends no alteration of the burden of proof and/or burden of going forward with evidence which otherwise exists with respect to any particular issue at law or in equity.  Further, all such defenses are pleaded in the alternative, and do not constitute an admission of liability or that Plaintiffs are entitled to any relief whatsoever.

**FIRST AFFIRMATIVE DEFENSE**

**(FAILURE TO STATE A CLAIM)**

44.     In the alternative, without admitting any liability whatsoever and without admitting that Plaintiffs have suffered any loss or damage whatsoever, Plaintiffs' Complaint, and each purported cause of action therein, fails to state facts sufficient to constitute a cause of action against Defendant upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(WAIVER)**

45.     In the alternative, without admitting any liability whatsoever and without admitting that Plaintiffs have suffered any loss or damage whatsoever, Plaintiffs' Complaint, and each purported cause of action therein, is barred in whole or in part because Plaintiffs and/or their agents, both expressly in writing (by means of an enforceable conflict waiver in the

Retention Agreement with Kirkland and otherwise) and through their conduct, waived their right

to complain of the conduct alleged in the Complaint.

## THIRD AFFIRMATIVE DEFENSE

### (CONSENT)

46.     In the alternative, without admitting any liability whatsoever and without

admitting that Plaintiffs have suffered any loss or damage whatsoever, Plaintiffs' Complaint, and

each purported cause of action therein, is barred in whole or in part by the doctrine of consent

because Plaintiffs and/or their agents, both expressly through an enforceable conflict waiver in

the Retention Agreement with Kirkland and through their conduct, consented to the

representation about which they now purport to complain.

## FOURTH AFFIRMATIVE DEFENSE

### (ESTOPPEL)

47.     In the alternative, without admitting any liability whatsoever and without

admitting that Plaintiffs have suffered any loss or damage whatsoever, Plaintiffs' Complaint, and

each purported cause of action therein, is barred in whole or in part because Plaintiffs and/or

their agents expressly agreed, in writing (by means of an enforceable conflict waiver in the

Retention Agreement with Kirkland and otherwise), not to assert claims based on the conduct

alleged in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

### (RATIFICATION)

48.     In the alternative, without admitting any liability whatsoever and without

admitting that Plaintiffs have suffered any loss or damage whatsoever, Plaintiffs' Complaint, and

each purported cause of action therein, is barred in whole or in part by the doctrine of ratification

because Plaintiffs and/or their agents were aware of the representation about which they now purport to complain and ratified it.

## SIXTH AFFIRMATIVE DEFENSE

## (NO INJURY OR HARM)

49.     In the alternative, without admitting any liability whatsoever and without admitting that Plaintiffs have suffered any loss or damage whatsoever, Plaintiffs' Complaint, and each purported cause of action therein, is barred in whole or in part because Plaintiffs have not suffered and will not suffer any injury or harm, cognizable or otherwise, as a result of any act, conduct, or omission by Kirkland.  Therefore, Plaintiffs are not entitled to any relief.

## SEVENTH AFFIRMATIVE DEFENSE

## (LACHES)

50.     In the alternative, without admitting any liability whatsoever and without admitting that Plaintiffs have suffered any loss or damage whatsoever, Plaintiffs' Complaint, and each purported cause of action therein, is barred in whole or in part by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

## (RESERVATION OF RIGHTS)

51.     Plaintiffs' Complaint does not describe the events and claims therein with sufficient particularity to enable Kirkland to determine all of the defenses which may exist to such events and claims.  Kirkland therefore reserves its right to amend this Answer to add, delete, and/or modify any and all defenses which may pertain to the Complaint if the precise nature of such events and claims is determined through clarification or amendment of the Complaint, through discovery, through further legal analysis of Plaintiffs' claims and positions in this litigation, or otherwise.

## RESPONSIVE PRAYER FOR RELIEF

WHEREFORE, as to Plaintiffs' sole cause of action, Kirkland prays for entry of

judgment against Plaintiffs in favor of Kirkland as follows:

1.      that Kirkland be awarded judgment in their favor against Plaintiffs;

2.      that Plaintiffs' request for injunctive relief be denied;

3.      that Plaintiffs take nothing by their Complaint;

4.      that the Complaint be dismissed with prejudice;

5.      that Kirkland recover its attorney's fees and costs of suit; and

6.      for such other and further relief as the Court deems just and proper.


Dated:  June 9, 2015                                K&L GATES LLP


By: /s/ Richard W. Hosking
      Richard W. Hosking, PA 32982
      Melissa J. Tea, PA 80195
      K&L GATES LLP
      210 Sixth Avenue
      Pittsburgh, Pennsylvania  15222-2613
      Telephone:  (412) 355-6500
      Facsimile:  (412) 355-6501
      richard.hosking@klgates.com
      melissa.tea@klgates.com

GIBSON, DUNN & CRUTCHER LLP

Kevin S. Rosen, (admitted pro hac)
Daniel S. Floyd, (admitted pro hac)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:  (213) 229-7000
Facsimile:  (213) 229-7520

Counsel for Defendant,
KIRKLAND & ELLIS LLP

101940096

15