IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MYLAN INC., MYLAN PHARMACEUTICALS INC., MYLAN TECHNOLOGIES, INC. and MYLAN SPECIALTY LP,<br><br>    Plaintiffs,<br><br>  v.<br><br>KIRKLAND & ELLIS LLP,<br><br>    Defendant. | 2:15-cv-00581-JFC-LPL |

**PLAINTIFFS' MEMORANDUM OF LAW REGARDING
POSTING OF BOND PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 65(c)**

WILLIAM PIETRAGALLO, II, ESQ.
JOHN A. SCHWAB, ESQ.
PIETRAGALLO GORDON ALFANO BOSICK &
RASPANTI, LLP
One Oxford Centre, 38th Floor
Pittsburgh, PA 15219
Tel.:  412-263-2000
Fax:  412-263-2001
WP@Pietragallo.com
JAS@Pietragallo.com

MICHAEL S. SOMMER, ESQ. (admitted *pro hac vice*)
MORRIS J. FODEMAN, ESQ. (admitted *pro hac vice*)
JESSICA L. MARGOLIS, ESQ. (admitted *pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI, P.C.
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
Tel.:  212-999-5800
Fax:  212-999-5899
msommer@wsgr.com
mfodeman@wsgr.com
jmargolis@wsgr.com

*Counsel for Mylan Plaintiffs*

June 23, 2015

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION .................................................................................................................1

ARGUMENT.........................................................................................................................2

    I.    LEGAL STANDARD UNDER FEDERAL RULE 65(c) .......................................2

    II.    DETERMINING THE APPROPRIATE BOND AMOUNT ..................................4

    III.    FORM OF SECURITY............................................................................................6

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*3M Unitek Corp. v. Ormco Co.*,
  96 F. Supp. 2d 1042 (C.D. Cal. 2000) ...................................................................................3

*Atl. City Coin & Slot Serv. Co. v. IGT*,
  14 F. Supp. 2d 644 (D.N.J. 1998) ..........................................................................................3

*Atl. Coast Demolition & Recycling, Inc. v. Bd. of Chosen Freeholders of Atl. Cnty.*,
  909 F. Supp. 229 (D.N.J. 1995) .............................................................................................6

*Chi. Title Ins. Co. v. Lexington & Concord Search and Abstract, LLC*,
  513 F. Supp. 2d 304 (E.D. Pa. 2007) .....................................................................................5

*Doebler's Pa. Hybrids, Inc. v. Doebler*,
  No. 4:CV-03-1079,
  2003 U.S. Dist. LEXIS 27098 (M.D. Pa. Oct. 15, 2003) ..................................................2, 5

*F.A. Davis Co. v. Wolters Kluwer Health, Inc.*,
  413 F. Supp. 2d 507 (E.D. Pa. 2005) .....................................................................................5

*Frank's GMC Truck Ctr., Inc. v. Gen. Motors Corp.*,
  847 F.2d 100 (3d Cir. 1988) ..................................................................................................2

*In re President Casinos, Inc.*,
  360 B.R. 262 (8th Cir. 2007) .................................................................................................3

*Int'l Equity Invs., Inc. v. Opportunity Equity Partners Ltd.*,
  441 F. Supp. 2d 552 (S.D.N.Y. 2006),
  *aff'd*, 246 Fed. Appx. 73 (2d Cir. 2007) ................................................................................3

*Nat'l Steel Car, Ltd. v. Canadian Pac. Ry., Ltd.*,
  254 F. Supp. 2d 527 (E.D. Pa. 2003),
  *rev'd on other grounds*, 357 F.3d 1319 (Fed. Cir. 2004) ..................................................2, 3

*Neo Gen Screening, Inc. v. TeleChem Int'l, Inc.*,
  69 Fed. Appx. 550 (3d Cir. 2003) ..........................................................................................3

*Nordetek Envtl., Inc. v. RDP Techs., Inc.*,
  677 F. Supp. 2d 825 (E.D. Pa. 2010) .....................................................................................2

*Powelton Civic Home Owners Ass'n v. Dep't of Hous. & Urban Dev.*,
  284 F. Supp. 809 (E.D. Pa. 1968) ......................................................................................3, 4

*Practice Mgmt. Info. Corp. v. Am. Med. Ass'n*,
    877 F. Supp. 1394 (C.D. Cal. 1994),
    *vacated on other grounds*, 121 F.3d 516 (9th Cir. 1997) ......................................................3

*Universal City Studios, Inc. v. Corley*,
    No. 00 Civ. 277 (LAK),
    2000 U.S. Dist. LEXIS 10621 (S.D.N.Y. May 12, 2000).....................................................4

## RULES

Federal Rule of Civil Procedure 65(c) ...................................................................................1, 2, 4

Local Civil Rule 67.1(c) ..................................................................................................................6

Local Civil Rule 67.2........................................................................................................................6

## OTHER AUTHORITIES

Olivia Oran, "Teva switches legal counsel after Mylan challenge," Reuters (June
    10, 2015), *available at* http://uk.reuters.com/article/2015/06/10/us-mylan-
    nl-teva-pharm-ind-kirkland-idUKKBN0OQ02Q20150610 ................................................5

Plaintiffs Mylan Inc., Mylan Pharmaceuticals Inc., Mylan Technologies, Inc., and Mylan Specialty LP (collectively, "Mylan") respectfully submit this Memorandum of Law regarding the form and amount of the bond that should be posted pursuant to Rule 65(c) of the Federal Rules of Civil Procedure.

## INTRODUCTION

On June 9, 2015, this Court issued a Report and Recommendation that the District Court grant Mylan's Motion for Preliminary Injunction preventing Kirkland & Ellis LLP ("K&E") from representing, advising or otherwise acting in support of Teva Pharmaceutical Industries Ltd. ("Teva") in connection with Teva's unsolicited and hostile efforts to acquire Mylan N.V. and its subsidiaries, including the Mylan Plaintiffs (the "Teva Representation"). Report and Recommendation on Plaintiffs' Motion for Preliminary Injunction ("R&R") (ECF No. 96).[1] In so holding, the Court found (among other things) that it is "at a minimum substantially likely" that (1) the Teva Representation is "impermissible under Rule 1.7," and (2) the Teva Representation is not excused by virtue of the conflict of interest provisions contained in the parties' engagement letter. *Id*. at 60.

In light of the Court's recommendation that a preliminary injunction be granted, by Order dated June 9, 2015 ("June 9 Bond Order"), this Court directed the parties to file "briefs and any supporting documentation" regarding: (1) the amount that Mylan should post as a bond pursuant to Rule 65(c), reflecting the damages that would be sustained by K&E if it is found to have been

---

[1] The preliminary injunction sought by Mylan and recommended by the Court would also (i) prohibit K&E from using, relying on or disclosing any information it learned from its representation of Mylan in any representation of any other K&E client; (ii) require K&E to maintain the confidentiality of all non-public information it has learned as a result of its representation of Mylan; and (iii) require K&E to retrieve and maintain the confidentiality of all work product provided by the law firm to Teva in connection with its efforts to acquire Mylan N.V. and its subsidiaries. R&R at 2 n.2, 60-61.

wrongfully enjoined; and (2) the form of security to be posted.  Order Setting Briefing on Security Bond (ECF No. 97).  Mylan respectfully submits this memorandum of law addressing the issues identified by the Court.  Because K&E has yet to identify its alleged damages with any degree of specificity, Mylan necessarily reserves the right to respond to the arguments raised in K&E's bond submission on or before July 7, 2015, as permitted by the Court's June 9 Bond Order.

## ARGUMENT

### I.       LEGAL STANDARD UNDER FEDERAL RULE 65(c)

Federal Rule of Civil Procedure 65(c) "obliges [the Court] to consider the issue of security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."  *Nordetek Envtl., Inc. v. RDP Techs., Inc.*, 677 F. Supp. 2d 825, 845 (E.D. Pa. 2010) (internal marks and citation omitted).  The purpose of the bond requirement is "to enable a restrained or enjoined party to secure indemnification for the costs . . . and pecuniary injury that may accrue during the period in which a wrongfully issued equitable order remains in effect."  *Nat'l Steel Car, Ltd. v. Canadian Pac. Ry., Ltd.*, 254 F. Supp. 2d 527, 577 (E.D. Pa. 2003) (internal marks and citation omitted) (deeming costs incurred prior to the issuance of the injunction "irrelevant"), *rev'd on other grounds*, 357 F.3d 1319 (Fed. Cir. 2004); *see also Nordetek*, 677 F. Supp. 2d at 845 (the appropriate bond amount depends on the "'pecuniary injury' [defendants] are at practical risk of incurring during the pendency of this preliminary injunction").  "[T]he amount of the bond is left to the discretion of the court."  *Doebler's Pa. Hybrids, Inc. v. Doebler*, No. 4:CV-03-1079, 2003 U.S. Dist. LEXIS 27098, at *11 (M.D. Pa. Oct. 15, 2003) (quoting *Frank's GMC Truck Ctr., Inc. v. Gen. Motors Corp.*, 847 F.2d 100, 103 (3d Cir. 1988)).

The burden is on the party seeking security to establish "a rational basis for the amount of the proposed bond." *In re President Casinos, Inc.*, 360 B.R. 262, 266 (8th Cir. 2007); *see also Int'l Equity Invs., Inc. v. Opportunity Equity Partners Ltd.*, 441 F. Supp. 2d 552, 566 (S.D.N.Y. 2006) (same), *aff'd*, 246 Fed. Appx. 73 (2d Cir. 2007). Specifically, the party seeking security must demonstrate that the proposed bond amount "bear[s] a rational relationship to the defendant's probable damages in the event it is later determined that the injunction should not have been entered." *In re President Casinos*, 360 B.R. at 266; *see also Neo Gen Screening, Inc. v. TeleChem Int'l, Inc.*, 69 Fed. Appx. 550, 556-57 (3d Cir. 2003) (imposing nominal bond where enjoined party failed to prove that its potential harm from the injunction would be greater than the set amount).

In determining the appropriate bond amount, the Court should not take into account alleged damages that are speculative or excessive. *See Nat'l Steel Car*, 254 F. Supp. 2d at 577 (imposing bond of $250,000, despite defendants' request for over $8 million, where defendants' claimed damages were "speculative" and "not supported by the record"); *Powelton Civic Home Owners Ass'n v. Dep't of Hous. & Urban Dev.*, 284 F. Supp. 809, 839-41 (E.D. Pa. 1968) (denying request for $20 million bond where defendants failed to establish "any basis for finding them substantially harmed if the preliminary injunction was wrongfully granted," and where alleged injuries were "highly speculative in nature"); *3M Unitek Corp. v. Ormco Co.*, 96 F. Supp. 2d 1042, 1052 (C.D. Cal. 2000) (imposing $500,000 bond despite defendant's request for $10 million, where defendant's request was "excessive and based on purely speculative figures"); *Atl. City Coin & Slot Serv. Co. v. IGT*, 14 F. Supp. 2d 644, 673 (D.N.J. 1998) (imposing $700,000 bond rather than defendant's "excessive" request for $9.5 million); *Practice Mgmt. Info. Corp. v. Am. Med. Ass'n*, 877 F. Supp. 1394, 1397 (C.D. Cal. 1994) (denying enjoined party's request for

a $1.75 million bond as "excessive and unwarranted" where enjoined party failed to present competent evidence to support the requested amount), *vacated on other grounds*, 121 F.3d 516 (9th Cir. 1997).

Nor should the Court consider damages allegedly suffered by third parties as a result of the preliminary injunction. *See Powelton*, 284 F. Supp. at 840 (harm sustained by third parties "is irrelevant to the security amount under [Rule] 65(c)"); *see also generally* Fed. R. Civ. P. 65(c) (security is intended to address "costs and damages sustained *by any party found to have been wrongfully enjoined*") (emphasis added).

Finally, the Court should exclude "[a]ttorneys' fees and legal expenses spent by the injured party in resisting or appealing the injunction," as such fees and expenses "are not recoverable under a bond, nor are they items to be included in the determination of the amount of the bond." *Powelton*, 284 F. Supp. at 840; *see also Universal City Studios, Inc. v. Corley*, No. 00 Civ. 277 (LAK), 2000 U.S. Dist. LEXIS 10621, at *15 (S.D.N.Y. May 12, 2000) ("[I]t is well established that attorneys' fees are not recoverable as damages in an action on an injunction bond. . . . Accordingly, there is no reason why the enjoined party requires, or should receive, security for the payment of attorneys' fees.") (citations omitted).

## II.   DETERMINING THE APPROPRIATE BOND AMOUNT

As noted above, K&E bears the burden of establishing a rational basis for the proposed bond, which is intended to address any pecuniary injury sustained by K&E as a result of a wrongfully issued injunction. *See supra*, pp. 2-4. Although Mylan has yet to receive K&E's bond proposal (or any evidence submitted in support thereof), in its submissions in opposition to Mylan's motion for a preliminary injunction K&E has argued that it will "lose substantial income if it is enjoined from representing Teva in its hostile takeover bid." R&R at 54. Accordingly, it is likely that K&E will rely on such purported lost income in establishing the

bond amount.  To the extent the Court considers K&E's alleged lost income in determining the appropriate bond, there are certain relevant factors that bear on the correlation between K&E's alleged lost income and the bond amount.

*First*, although a preliminary injunction has not yet been issued by the Court, it has been publicly reported that K&E has withdrawn from the Teva Representation, allegedly to avoid "potential distractions."[2]  This raises the question of whether the issuance of a preliminary injunction by the Court will impose any additional costs or damages on K&E.  *See F.A. Davis Co. v. Wolters Kluwer Health, Inc.*, 413 F. Supp. 2d 507, 516 (E.D. Pa. 2005) (reducing bond where defendant had already voluntarily withdrawn its infringing publications, "raising the question of what additional damages would follow from the injunction"); *Chi. Title Ins. Co. v. Lexington & Concord Search and Abstract, LLC*, 513 F. Supp. 2d 304, 322 (E.D. Pa. 2007) (imposing nominal bond where defendants' risk of harm was "minimal," because injunction only required defendants to adhere to an agreement reached with plaintiff after the suit was filed).

*Second*, as this Court has already acknowledged, many if not all of the resources K&E expected to devote to the hostile takeover – including billable attorney and staff time – will now be redirected to other client matters.  R&R at 54.  K&E bears the burden of demonstrating how much (if any) of its alleged lost fees cannot be offset by revenues earned on other projects.[3]  *See, e.g.*, *Doebler's*, 2003 U.S. Dist. LEXIS 27098, at *11-14 (reducing bond requested by

---

[2]  *See, e.g.*, Olivia Oran, "Teva switches legal counsel after Mylan challenge," Reuters (June 10, 2015), *available at* http://uk.reuters.com/article/2015/06/10/us-mylan-nl-teva-pharm-ind-kirkland-idUKKBN0OQ02Q20150610.

[3]  According to K&E's submissions, David Fox and his M&A team have renowned experience and expertise in complex mergers and acquisitions.  *See* Fox Decl. ¶ 3 (describing Mr. Fox's global recognition as an elite and highly-regarded M&A attorney).  As such, it is hard to imagine that Mr. Fox and his team will have difficulty securing alternative work in place of the Teva Representation.

defendants because they had already replaced many of the enjoined products with other products "with ostensibly similar characteristics"); *Atl. Coast Demolition & Recycling, Inc. v. Bd. of Chosen Freeholders of Atl. Cnty.*, 909 F. Supp. 229, 240 (D.N.J. 1995) (adjusting bond amount to account for the fact that "the defendants' revenue losses can largely be recouped" through cross-subsidization and other offsetting fees).

*Third*, as discussed above, K&E must demonstrate that any claim of lost fees is neither speculative nor excessive.[4]  *See supra*, pp. 3-4.

### III. FORM OF SECURITY

Mylan respectfully requests that, once the Court determines the appropriate bond in this matter, Mylan be permitted to post any bond as a surety-backed undertaking to pay any disbursements decreed to K&E in a sum not exceeding the amount of the bond.  *See* LCvR 67.1(c), 67.2.

---

[4] Because K&E has yet to provide any details on, or evidence concerning, the amount of fees it will allegedly lose as a result of a preliminary injunction, Mylan will address these issues in its responsive brief.

Dated:  June 23, 2015

Respectfully submitted,

/s/ William Pietragallo, II

WILLIAM PIETRAGALLO, II, ESQ.
JOHN A. SCHWAB, ESQ.
PIETRAGALLO GORDON ALFANO BOSICK &
RASPANTI, LLP
One Oxford Centre, 38th Floor
Pittsburgh, PA 15219
Tel.:  412-263-2000
Fax:  412-263-2001
WP@Pietragallo.com
JAS@Pietragallo.com

MICHAEL S. SOMMER, ESQ. (admitted *pro hac vice*)
MORRIS J. FODEMAN, ESQ. (admitted *pro hac vice*)
JESSICA L. MARGOLIS, ESQ. (admitted *pro hac vice*)
WILSON SONSINI GOORDICH & ROSATI, P.C.
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
Tel.:  212-999-5800
Fax:  212-999-5899
msommer@wsgr.com
mfodeman@wsgr.com
jmargolis@wsgr.com

*Counsel for Mylan Plaintiffs*