IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MYLAN INC., MYLAN PHARMACEUTICALS, INC., MYLAN TECHNOLOGIES, INC. and MYLAN SPECIALTY, LP,<br><br>Plaintiffs,<br><br>v.<br><br>KIRKLAND & ELLIS LLP,<br><br>Defendant. | Civil Action No. 2:15-cv-00581-JFC-LPL<br><br>**ELECTRONICALLY FILED** |

### DEFENDANT KIRKLAND & ELLIS LLP'S RESPONSE TO PLAINTIFFS' MEMORANDUM OF LAW REGARDING POSTING OF BOND PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 65(c)

Defendant Kirkland & Ellis LLP ("Kirkland"), pursuant to the Court's June 9, 2015 Order (ECF No. 97), hereby respectfully submits the following Response to Plaintiffs' Memorandum of Law Regarding Posting of Bond Pursuant to Rule 65(c) (ECF No. 106).

On June 9, 2015, the Magistrate Judge issued a Report and Recommendation ("R&R") that, among other things, recommended preliminarily enjoining Kirkland & Ellis LLP from representing Teva Pharmaceuticals Industries Ltd. in Teva's efforts to acquire Mylan N.V.  ECF No. 96.  As explained in the Objections Kirkland filed on June 23, 2015, that R&R is fatally flawed, both legally and factually, for multiple, independent reasons and should not be adopted by this Court.  ECF No. 105.  Moreover, the main thrust of this litigation—an injunction prohibiting Kirkland from representing Teva in the Mylan N.V. transaction—has been rendered moot by Teva's selection of replacement counsel in the immediate wake of the R&R.

Also on June 23, 2015, Kirkland asked this Court to enter an order requiring Plaintiffs to post a nominal bond pursuant to Rule 65(c) of the Federal Rules of Civil Procedure. ECF No. 104. This was after Plaintiffs inexplicably refused Kirkland's suggestion that the parties stipulate to a nominal bond. Kirkland's request for only a nominal bond was intended to keep the focus of this litigation on the serious issues implicated by the R&R's recommendation that a preliminary injunction be entered in this case. The R&R, if adopted, would destabilize corporate representation in any number of industries and would undermine the ability of corporate clients to retain the counsel of their choice. Ensuring that the R&R is overturned—or, alternatively, that it is vacated as moot—is thus Kirkland's principal goal in light of ensuing developments.

Kirkland's focus on correcting the errors wrought by the R&R, however, should not be misconstrued as a concession that the firm has not been seriously harmed by those errors. It certainly has been. Contrary to Plaintiffs' mischaracterizations, *see* ECF No. 106 at 5, Kirkland did not "voluntarily" withdraw as counsel to Teva in connection with the potential acquisition of Mylan N.V. To the contrary, the issuance of the R&R, and the uncertainty thereby created regarding Kirkland's ability to continue representing Teva, understandably forced Teva, with Kirkland's concurrence, immediately to discontinue Kirkland's representation and to replace Kirkland with a different firm. As a result, as confirmed by Kirkland's Objections, Kirkland is no longer supporting Teva's efforts to acquire Mylan N.V. in any way; nor is it communicating with Teva's successor counsel regarding the transaction.

What cannot be gainsaid, however, is that Plaintiffs' pursuit of a preliminary injunction cost Kirkland a significant financial opportunity to represent Teva and, perhaps more importantly, inflicted untold harm by wrongfully casting aspersions on the professional ethics of Kirkland and its partners and inviting similar and myriad other errors wrought by the R&R.

Once this Court has corrected the multitude of errors in the R&R, it can turn to the question of the scope of the harm Kirkland has suffered. Because Plaintiffs have ample resources to pay for any harm they may be held liable for inflicting, Kirkland has no reason to believe that a sizeable bond is necessary to secure Plaintiffs' compliance with any future judgment. The full extent of the remedies to which Kirkland is entitled, moreover, may not be clear until both this litigation and Teva's efforts to acquire Mylan N.V. are complete.

For those reasons, as well as the others discussed above and in Kirkland's Objections, this Court may defer its quantitative assessment of Kirkland's harm until it can consider evidence in a later proceeding. Kirkland thus respectfully renews its request that the Court enter an order requiring Plaintiffs to post a nominal bond, and that the Court proceed to reject or vacate the R&R on the merits.

Respectfully submitted,

Dated: July 7, 2015                 K&L GATES LLP

By: /s/ Richard W. Hosking
Richard W. Hosking, PA 32982
Melissa J. Tea, PA 80195
K&L GATES LLP
210 Sixth Avenue
Pittsburgh, Pennsylvania 15222-2613
Telephone: (412) 355-6500
Facsimile: (412) 355-6501
Richard.hosking@klgates.com
Melissa.tea@klgates.com

GIBSON, DUNN & CRUTCHER LLP

Kevin S. Rosen, (admitted pro hac)
Daniel S. Floyd, (admitted pro hac)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520

KRosen@gibsondunn.com
DFloyd@gibsondunn.com

Counsel for Defendant,
KIRKLAND & ELLIS LLP